TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

|  |  |  |
|---|---|---|
| OPINION | : | |
| | : | No. 92-313 |
| of | : | |
| | : | OCTOBER 21, 1992 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| ANTHONY DA VIGO | : | |
| Deputy Attorney General | : | |
| | : | |

THE HONORABLE WILLIE L. BROWN, JR., SPEAKER OF THE ASSEMBLY, has requested an opinion on the following question:

Are employees serving in the Office of the Chancellor of the California Community Colleges under the interjurisdictional exchange program eligible to serve on qualifications appraisal panels for the hiring and promotion of state civil service employees?

CONCLUSION

Employees serving in the Office of the Chancellor of the California Community Colleges under the interjurisdictional exchange program are eligible to serve on qualifications appraisal panels for hiring and promotion of state civil service employees.

ANALYSIS

The Legislature has established an interjurisdictional exchange program providing for the temporary assignment or loan of employees between agencies or jurisdictions. (Gov. Code, § 19050.8.)[1] The program is part of the State Civil Service Act (§§ 18500-19799) administered by the State Personnel Board (hereafter "Board"). (See Cal. Const., art. VII, §§ 2-3; § 18521.) Section 19050.8 provides in part:

"The board may prescribe rules governing the temporary assignment or loan of employees within an agency or between agencies for not to exceed two years or between jurisdictions for not to exceed four years for any of the following purposes:

---

1.    Unidentified section references herein are to the Government Code.

"(a) To provide training to employees.

"(b) To enable an agency to obtain expertise needed to meet a compelling program or management need.

"(c) To facilitate the return of injured employees to work.

"These temporary assignments or loans shall be deemed to be in accord with this part limiting employees to duties consistent with their class and may be used to meet minimum requirements for promotional as well as open examinations. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"For purposes of this section, a temporary assignment or loan between educational agencies shall be extended for up to two additional years upon a finding by the Superintendent of Public Instruction or the Chancellor of the California Community Colleges, and with the approval of the Executive Officer of the State Personnel Board, that the extension is necessary in order to substantially complete work on an educational improvement project. Public and private colleges and universities shall be considered educational jurisdictions within the meaning of this section."

The Board is authorized to prescribe, amend, and repeal rules for the administration and enforcement of the State Civil Service Act. (§ 18701.) Pursuant to this authority and the express provisions of section 19050.8, the Board has promulgated rules relating to the interagency and interjurisdictional exchange of employees. (Cal. Code Regs., tit. 2, §§ 426, 427.)[2]

We are asked whether employees serving in the Office of the Chancellor of the California Community Colleges under the interjurisdictional exchange program are eligible to serve on qualifications appraisal panels for the hiring and promotion of state civil service employees. Typically, these employees are administrators from local community college districts and serve in the Chancellor's Office in a variety of managerial and supervisory positions. We conclude that such employees may serve on the panels in question.

In examining the language of section 19050.8 and the administrative rules implement it, we are mindful of several principles of statutory construction. "The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyra-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1387.) "Unless unreasonable or clearly contrary to the statutory language or purpose, the consistent construction of a statute by an agency charged with responsibility for its implementation is entitled to great deference." (*Dix* v. *Superior Court, supra,* Cal.3d 442, 460; see *Board of Supervisors* v. *Lonergan* (1980) 27 Cal.3d 855, 866.) "[W]hen the construction of an administrative regulation is in issue, the administrative construction is accorded even greater deference." (*Westfall* v. *Swoap* (1976) 58 Cal.3d 109, 114; see *Industrial Indemnity Co.* v. *City and County of San Francisco* (1990) 218 Cal.3d 999, 1009; *American Hospital Supply Corp.* v. *State Bd. of Equalization* (1985)

---

2. "Rule" references herein are to regulations contained in title 2 of the California Code of Regulations.

169 Cal.3d 1088, 1092; *Herrick* v. *State of California* (1983) 149 Cal.3d 156, 165.)  Normally, "the same rules of construction and interpretation which apply to statutes govern the construction and interpretation of rules and regulations of administrative agencies." (*Cal. Drive-In Restaurant Assn.* v. *Clark* (1943) 22 Cal.2d 287, 292; accord, *Industrial Indemnity Co.* v. *City and County of San Francisco, supra* (1990) 218 Cal.3d 999, 1008; *Guardians of Turlock's Integrity* v. *Turlock City Council* (1983) 149 Cal.3d 584, 595.)  Finally, the failure of the Legislature to amend an existing statute may have some interpretive value. (*Title Ins. & Trust Co.* v. *County of Riverside* (1989) 48 Cal.3d 84, 96-97; *Marina Point, Ltd.* v. Wolfson (1982) 30 Cal.3d 721, 735, fn. 7; *Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 935-936.)

It is the purpose of the State Civil Service Act, inter alia, to provide a comprehensive personnel system for the state civil service in which appointments are based on merit and fitness ascertained through practical and competitive examination. (§ 18500, subd. (c)(2).)  Examinations may be written or oral, but of such character as fairly to test and determine the qualifications, fitness, and ability of competitors actually to perform the duties of the class of position for which they seek appointment.  (§ 18930.)

Qualifications appraisal interviews for competitive oral examinations are typically conducted by qualifications appraisal panels.  (Rule 195.)  Rule 196 prescribes the composition of such panels:

"Each qualifications panel shall include a representative of the State Personnel Board who shall be chairman and, except when the executive officer finds that the state's interest will not benefit therefrom:

"(a) One or more persons within the state service, preferably from the agency or agencies for which the employment list is being established, who are familiar with the job requirements of the class for which the examination is being held; and

"(b) One or more citizens not in the state service."

The primary issue to be addressed herein is whether a temporary employee under the interjurisdictional exchange program is a person "within the state service" for purposes of Rule 196, subdivision (a).  It is assumed that the second qualification, i.e., familiarity with the job requirements of the class for which the examination is being held, shall have been satisfied.

A temporary employee is similarly situated in virtually all respects with state civil service employees, works under the same direction and supervision, on the same projects, performs essentially the same duties, and has the same responsibilities and expectations as other state employees.  A temporary employee's duties must be consistent with the employee's classification, and such as to meet minimum requirements for promotional as well as open examinations.  (§ 19050.8.)

On the other hand, it may be pointed out that the Board's rules governing temporary transfers provide in part that a temporary employee ". . . shall be considered for all purposes of the Government Code and rules as an employee of the agency from which loaned or assigned except that the employee's salary may be paid in any proper manner agreed upon by the participating agencies."  (Rule 426.)  In our view, Rule 426 refers to the salary and benefits of an assigned employee.

Rule 196, subdivision (a), on the other hand, requires only that the employee in question, whether that of the assigning agency or that of the agency to which assigned, be a person "within the state service," a significantly broader term.

Rule 196 thus does not require that the person designated to serve on a panel be a member of the "state civil service."[3] Rather, the plain meaning of "within the state service" simply connotes a person who is in the service of the state. Consequently, an individual assigned from another jurisdiction,[4] while not a civil service employee of the State of California, is nevertheless ". . . subject to the direction of the [state]" (Rule 427) and plainly within its service. The Board has interpreted Rule 196 as including "within the state service" those who are specifically exempt from civil service and those on temporary assignment under the interjurisdictional exchange program. We believe that the Board's interpretation of its own rule is reasonable.

Finally, we note that the Legislature recently failed in its attempt to amend section 19050.8 to prohibit interjurisdictional employees from being "assigned . . . personnel duties and functions" (Assem. Bill No. 1569 (1991-1992 Reg. Sess.), when the Governor vetoed the bill. Under these circumstances, and given the Board's interpretation of Rule 196, this legislative history is consistent with our conclusion.

It is concluded that an employee serving in the Chancellor's Office under the interjurisdictional exchange program is eligible to serve on qualifications appraisal panels for the hiring and promotion of state civil service employees.

* * * * *

---

[3]The state civil service includes every officer and employee of the state except as otherwise provided in the Constitution. (Cal. Const., art. VII, § 1, subd. (a).) Temporary employees from other jurisdictions gain no status in the state civil service. (Rule 427.)

[4]Section 19050.8 provides that public and private colleges and universities shall be considered educational jurisdictions for purposes of the interjurisdictional exchange program.